Good morning, Your Honors. Gary Burcham on behalf of Appellant Norma Abapo. The lone issue in this case concerns whether the District Court violated Rule 32 by failing to resolve a controverted matter of sentencing, which related to whether Ms. Abapo committed additional fraudulent acts while she was on bond in the case. Ms. Abapo had pled guilty to five counts relating to health care fraud and her own tax evasion. She was out on bond trying to get herself a 5K1.1 departure and also was working as a tax preparer to support herself while she was on bond. Prior to sentencing, the government filed its memorandum and alleged that for the years 2005 through 2007, Ms. Abapo was overstating mortgage interest deductions on some of the tax returns she was preparing. And because of that, the government decided to withhold the 5K1.1 recommendation and also recommended to heighten the guideline range, which was 51 months in this case. Prior to sentencing, defense counsel responded to that allegation from the government by essentially alleging that they had done their own analysis of the tax returns and the number of returns with inflated deductions was much slower than what the government had said. It didn't say exactly what it was at that point, but there was a formal objection filed to the government's allegation that additional fraud was committed. But the district court accepted that? Yes. Right? Exactly. And so that issue was clearly presented to the district court. What's the fact issue that should have been decided? The fact issue is this. There was a second issue that was created at the sentencing hearing itself concerning this alleged misconduct by Ms. Abapo. The first issue, which the district court properly dealt with, was did she submit returns with inflated numbers? And the district court dealt with that. The second issue was when counsel stated to the district court that there also was an issue with regards to her criminal intent because she never received any personal benefit from any of these alleged? Well, first of all, did he say criminal intent? He said, I'll quote, So there was no personal benefit to her. And so there's the issue of her criminal intent in doing this. All right. Now, why is that a fact question? I mean, it seems to me that it's a legal question to which the answer is it's irrelevant whether she got any personal benefit or not as to whether she was liable for fraud. But whatever the answer is, it's a legal question. Well, I think, I respectfully disagree. I think it's a factual question in terms of What's the fact question? Was this an honest mistake in preparing these? I'm sorry? Was it a mistake? Were these errors? But that's not what he said. He said the only thing he raised was that she didn't get any personal profit, so there's a question of criminal intent. And that does not, whether she got personal profit or not is just irrelevant. Right. But people commit white-collar fraud for personal benefit. They do it to make money, as Ms. Abapo did with her health. Well, she did it for making money because, I mean, in the sense that she was doing people's tax returns and making money doing it. I just don't understand what the fact question is. Anyway, is that an element? Are you telling us you can't commit criminal fraud unless you're going to make money out of this? Certainly not. Is that what you're saying? No, absolutely not. I didn't think so. People can commit criminal fraud for any number of reasons. But that's what he said. I've never seen someone That's all he said. She didn't get a personal benefit, and therefore, I mean, assuming he even put intent really before the judge. Right, right. Didn't get a personal benefit, and so there's a question of intent. There's his reason for it. These returns were all over the place. In every year, there were some that were above. But the statement, doesn't the statement, at least one way for a trial judge to take that statement is that this is an issue of mitigation, that Ms. Abapol is trying to mitigate what sentence might occur by saying, you know, she really wasn't benefiting from this judge. Isn't that a reasonable interpretation of that statement? That's a possible interpretation. But I would submit that what the attorney was trying to convey to the judge was that she wasn't doing this to help herself. She wasn't doing this to defraud the government. Well, fine. Okay. But what does that have to do? It might be mitigating, but what does it have to do with the legal question with the factual question that you claim should have been decided? Because it's not a – I mean, the answer to it is a legal answer. So what? Well, ultimately, when the judge, when the district judge imposed a sentence, it went to the statutory maximum of five years. And one of the reasons it stayed on the record that it was doing that was because of this fraudulent – Right, because the legal question was resolved against her. So what that she didn't resolve it with? Tax protesters help folks all the time. They're not doing it to help themselves. They're telling these folks this to keep the government from getting money. It's not to help them. It's to keep the government from getting money. I mean, you said a minute ago, you don't have to be getting personal benefit in order to commit a fraud or to – right? Correct. You agree on that? Yes. Because that's what he told the judge. But Ms. Evapo was a professional tax preparer. She was not in the business of helping people avoid income tax because they disagree with the income tax laws of the country. She was a professional tax preparer who was working – But the precise question is, did this statement put into – put a fact issue that should have been resolved into play? And the question is, how did it do that when all it said was she wasn't doing it for personal gain, which does not put into fact – which is not a relevant fact as to whether or not she had criminal intent. So you could resolve that one way or another, and it still comes out the same way. Therefore, why did the judge have to do anything else? Well, the first sentence was there was no personal benefit to her, and we've talked about that. The second was there's no – there's an issue of her criminal intent. And so – But wasn't it therefore there's an issue of her criminal intent? I mean, it was something connecting those two phrases together. Yes. And so – And so there's the issue of her criminal intent in doing this. It wasn't artfully argued. His objections filed before the sentencing were very strange and hard to follow. This certainly was not an artful presentation of this mens rea issue to the district court. But because of the fact that the district court specifically considered this mens rea, this knowing and fraudulent activity in imposing sentence, I think that this was enough for the district court to have been on notice that, look, defense counsel is saying that these – that she's not accepting that these weren't honest – Earlier on, the district judge said these deductions were fraudulent. Now, maybe not all of them. They're cut down. Do you agree with that? Yes, that's right, he said. Correct. And then – That's correct. The deductions were fraudulent. So we have deductions that are fraudulent. Right. And then later on, I think he corrected himself and said, we have this issue. And something the district court said – I'm sorry, are you saying that the district court recognized that the issue of criminal intent regarding the mens rea to commit that crime, that the district court recognized that issue later on in the conversation? I think so. And that's represented by the district court's final judgment when it said, and to some extent she compounded that with – this is on ER – I'm sorry, ER 13. And to some extent she compounded that with the income tax preparation violations. But in that regard, I'm only considering the number of fraudulent tax returns that the defendant conceded to. And our position is that she didn't concede to fraudulent tax returns. She conceded that there were tax returns with incorrect information with elevated deductions. I guess what I'm saying, or maybe what we're all saying is something – or suggesting is that there's a more discreet sub-issue here. If she wasn't agreeing that they were fraudulent, it was because she said she didn't get anything out of them. That question is not a fact question. It's a legal question. Is that relevant? The answer is no. So where's the fact question? The fact question is what her intent was. But she didn't really – the only intent issue she raised was I wasn't getting anything out of it. And I'm saying that that was defense counsel's not-so-good attempt to say that these were errors, these were honest errors in the preparation. In 2007 – Well, heaven and earth, you're saying – but you're saying the district judge should have penetrated that and realized that counsel is just being klutzy. And, oh, what the heck. He says A, but he really must mean B, C, and D. And therefore the district judge erred. That's your point, right? I think the judge could have developed the record better. I think that the issue was put out there. And, in fact, the judge responded to that by saying, I see, and then all right. And so the issue was there. I think the judge recognized the issue. And we submit that the judge had an obligation under Rule 32 to develop the record further and to resolve that factual dispute. I'll reserve my final 35 seconds, Your Honor. Thank you. May it please the Court. My name is Consuelo Whithead, and I'm appearing on behalf of the United States. Your Honor, the government agrees that the defendant did not put a fact issue in play other than the number of false returns, which the Court did resolve. Therefore, there was no Rule 32 violation. In addition to the specific language that the Court has focused on, when the Court when the district court, when counsel below made the argument to the district court that the defendant did not get a personal benefit, when that remark is put in the entire context leading up to it, it is crystal clear that the defendant never claimed she didn't engage in some criminal conduct. She admitted there was some, but not as much as the government claimed. And as Judge Hernandez indicated, she made an argument in mitigation. She admitted there was wrongdoing, but lets contain it so it doesn't affect this sentence too much. And I don't think it's fair to say that defense counsel, how would he characterize it, made a strange or hard-to-follow argument. When he first filed his sentencing memorandum, he said that he disagreed with the number but he wasn't going to argue about it because whether she overstated mortgage deductions on 10 instead of 100 returns, there's not a substantive change in the larger scheme of things. And that's true if, as he was implicitly acknowledging, she recognized that her conduct was deliberate and willful. Again, at the hearing, the court read this position paper of the defendant and identified the factual issue that the defendant was raising as the number of false returns. And the court was at some, went to some lengths to confirm with the defense counsel, you're not arguing that she didn't submit some false returns. You're not arguing, you're admitting that she submitted some fraudulent returns, just not as many as the government. And that appears at pages 5 and 6 of the transcript. He says, and the government's analysis was the tax returns that she prepared with regard to this deduction were fraudulent. And tell me if I am correct that you don't dispute that she did that to some degree, but you argue that she didn't do it to the degree the government says she did. And defense counsel answered, correct, Your Honor. The court went on to say, but you don't quantify to what extent you agree that she engaged in this false income tax preparation. And the counsel then gave her his estimate, which was 7 percent or 70 false returns. The court went on again to confirm. And 7 percent would be 70 false returns. I mean, you are conceding that. And defense counsel on page 8 of the transcript agreed, yes, I am conceding that, yes. So there was only one factual issue raised. That was the number of false returns. And as the Court has already noted, when defense counsel made his final comment, he said, even if I concede that on 7 percent of 1,000 returns, defense counsel was wrong, the defendant overstated the income tax deduction. Again, active words suggesting and reflecting his acknowledgment that the defendant engaged in criminal tax violations. But then he argues, and there was no personal benefit to her. Again, a mitigation type of argument in which he wants to say that unlike the two defendants, the defendant was not motivated by greed. Since there was no unresolved allocation of fact, that is the end of the case. The sentence should be affirmed because the law is clear that Rule 32 only applies to specific factual disputes, and also because in his reply brief, defense counsel agrees, I'm quoting from page 7, Ms. Abapo is not claiming that the district court failed to consider some particular information or that the sentence it imposed was substantively unreasonable overall. The judge correctly understood the defendant was raising a factual issue only as to the number of fraudulent returns. The judge ruled on that issue, resolved it, and rendered a sentence that even defense counsel unappealed that was substantively reasonable. So unless the Court has any further questions, I have no further argument. Thank you very much. Mr. Reid, for a second, we'll give you one minute. There's no dispute that Ms. Abapo was the one who filled out those returns. There's no dispute that she's the one who put the numbers on those papers. The question is? And that they were false. And you're right. Which she conceded. And that some of them were false. Many of them were false. Some were false because they were too high. Some were actually false because they were too low. It wasn't just all of them were too high. There was one year where there was more low ones than high ones. And so it went both directions. The question in this case is, did she do it intentionally and knowingly and with the intent to defraud? Or did she just do it because she was a bad tax preparer? And I think that issue ---- Isn't the question really did the defendant give the district court judge enough information to recognize that that was the issue? The record is that we have a couple of sentences where the issue is presented, Your Honor. And I think that certainly it could have been presented better. But I think that those two sentences and the district court's response to those really did present the issue well enough for the Rule 32, Factual Development Rule to have been triggered. Thank you very much. Thank you very much. Thank you, counsel. The case of United States v. Abapo is submitted. We'll go on to Peralta v. Gillard.
judges: Hernandez, Fernandez, Berzon